IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**MICHAEL LEWIS,**

    Plaintiff,

v.   CIVIL ACTION NO. 1:09-CV-32
    CRIMINAL ACTION NO. 1:05-CR-108-1
    (BAILEY)

**UNITED STATES OF AMERICA,**

    Defendant.

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R [Doc. 22] on July 29, 2010.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

1

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner timely filed his objections on August 11, 2010 [Doc. 24]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

II.     Factual and Procedural History

On December 6, 2005, the petitioner was named in a four-count indictment, which included a forfeiture allegation. On February 10, 2006, the petitioner pled guilty to conspiracy to distribute in excess of 50 grams of crack cocaine (Count One). At the plea hearing on the same day, however, the petitioner decided not to enter a plea. The Court concluded the plea hearing and proceeded with a final pretrial conference.

On February 21, 2006, shortly before jury selection, the petitioner again changed his mind and pled guilty to each of the four counts in the Indictment without the benefit of a plea agreement. Instead, the Court read aloud in open court each charge, advised the petitioner of each potential penalty, and inquired as to whether the petitioner understood. The petitioner answered in the affirmative. The Court then questioned the petitioner in depth and at great length about the voluntariness of his plea. The petitioner denied that he felt coerced to plead guilty and stated that he had adequate time to discuss his change of plea with counsel. Thereupon, the Court read aloud in open court each Count from the Indictment, and the petitioner entered his pleas to each, stating for each Count that he had

2

committed the offense.

On June 1, 2006, the petitioner filed a *pro se* motion to withdraw his guilty plea, alleging various instances of ineffective assistance of counsel, stating that had it not been for counsel errors, he would not have pled guilty and would have insisted on going to trial.

On June 9, 2006, the petitioner appeared before the Court for sentencing, whereupon the Court advised the petitioner that he was under oath before then addressing his *pro se* motion to withdraw his guilty plea. After hearing extensive testimony, including testimony from the petitioner that he was coerced into his plea based upon advice from counsel that he would be treated as a career offender, the Court ruled that the petitioner had not shown a "fair and just reason" for withdrawing his plea pursuant to Federal Rule 11 of Criminal Procedure. The Court determined that the petitioner's plea was final and binding and proceeded to sentencing.

At sentencing, the Court found that the petitioner had a base offense level of 34. The Court then calculated an adjusted offense level of 36, enhancing two levels for obstruction of justice based upon his providing false testimony about a material matter. The Court declined the petitioner's request for a two-level reduction for acceptance of responsibility. With an adjusted offense level of 36 and a Criminal History Category of VI, the Court found that the sentence guideline range was 324 to 405 months imprisonment. After considering the § 3553(a) factors, the Court sentenced the petitioner to 405 months imprisonment on Counts One and Three and a sentence of 240 months on Counts Two and Four, all to run concurrently, to be followed by five years of supervised release.

On June 12, 2006, the petitioner appealed to the Fourth Circuit Court of Appeals,

stating the following as grounds for his appeal: (1) the Court abused its discretion in denying the petitioner's *pro se* motion to withdraw his guilty plea, and (2) the Court improperly participated in plea negotiations. However, on August 3, 2007, the Fourth Circuit affirmed the petitioner's conviction. Thereafter, the petitioner filed a petition for writ of *certiorari* with the Supreme Court of the United States which was denied on February 19, 2008.[1]

On March 9, 2010, the petitioner filed the pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. 1]. The petition and its supporting memorandum present seven grounds for relief ("Ground(s)"):

> (1) at a pre-indictment proceeding, Federal Public Defender Brian J. Kornbrath ("Attorney Kornbrath") was ineffective for failing to accept the Government's offer to remove the drug quantity stipulation from the plea agreement then being offered, because Attorney Kornbrath erroneously believed the petitioner to be a career offender under § 4B1.1, which would render the offer irrelevant since the offense level would have been the same either way;
>
> (2) CJA-appointed James B. Zimarowski ("Attorney Zimarowski") was ineffective for inducing the petitioner's guilty plea by erroneously advising the petitioner that he was a career criminal facing a statutory minimum sentence of life imprisonment if he were convicted of any count at trial;
>
> (3) petitioner's guilty plea was not knowing, intelligent, and voluntary because he only entered the plea based upon erroneous advice by counsel about his possible status as a career criminal;
>
> (4) Attorney Zimarowski was ineffective for refusing to file a motion to withdraw the petitioner guilty plea once he realized that the petitioner was not a career criminal;
>
> (5) at the petitioner's sentencing, which converted to a hearing on his *pro se* motion to withdraw his guilty plea, Attorney Zimarowski and fellow CJA-appointed Ann L. Ballard ("Attorney Ballard") were ineffective based upon a conflict of interest: one assumed a non-advocacy role and the other an

---

[1]On June 2, 2009, the Court reduced the petitioner's sentence from 405 months to 327 months on petitioner's motion pursuant to 18 U.S.C. § 3582.

adversarial role toward the petitioner, effectively leaving him without counsel at a critical stage in his criminal proceedings in violation of his Sixth Amendment right to counsel;

(6) the petitioner did not knowingly, intelligently, and voluntarily waive his Sixth Amendment right to counsel by proceeding *pro se* at a critical stage of his criminal proceedings, the hearing on his *pro se* motion to withdraw his guilty plea; and

(7) appellate counsel, Timothy M. Sirk, was ineffective for failing to challenge the validity of the petitioner's guilty plea.

On May 4, 2009, the Government filed its Response [Doc. 14], answering the petitioner's seven Grounds as follows:

(1) the petitioner cannot show prejudice from Attorney Kornbrath's erroneous advice regarding career criminal status for at least two reasons: (A) the record shows that the petitioner had once pled guilty with knowledge of the career offender status, denied that plea, and then pled to a less favorable agreement again with the understanding that the career offender status might apply, indicating that the petitioner denied the original plea for reasons other than Attorney Kornbrath's misinformation and (B) because the Court ultimately determined that the petitioner's base offense level was 34, neither the presence nor the absence of the stipulation affected the petitioner's sentence guideline range;

(2) Attorney Zimarowski was not ineffective for advising the petitioner that his criminal history might compel the finding of career offender status with a harsher sentence; to the contrary, the Court noted at sentencing that had counsel not so advised, he would have been ineffective;

(3) the petitioner's guilty plea was knowing and voluntary, as evidenced by his testimony at his Rule 11 hearing;

(4) the petitioner cannot show prejudice from Attorney Zimarowski's failure to file a motion to withdraw guilty plea on the petitioner's behalf for at least two reasons: (A) the Court thoroughly considered applicable law in denying the plaintiff's *pro se* motion, a denial that was upheld on appeal and (B) the petitioner's two-level enhancement for obstruction of justice for perjury was not the result of the petitioner proceeding *pro se*, but the result of him previously admitting guilt under oath and subsequently claiming innocence under oath;

(5) Attorney Zimarowski's failure to represent the petitioner on a motion to withdraw guilty plea did not affect and contaminate the proceedings such that any more than a harmless error review is required;

(6) the petitioner did not exhibit any behavior to indicate that any waiver of attorney representation was not knowing and voluntary, especially in light of the fact the petitioner cross-examined the police officer, testified, and addressed the Court directly; and

(7) any claim that the petitioner's appellate counsel was ineffective for not challenging the validity of the guilty plea is procedurally barred, as counsel raised the issue on appeal to no avail.

On June 4, 2009, the petitioner filed a Reply [Doc. 17] reiterating and expanding upon the claims in his petition.

On July 29, 2010, Magistrate Judge Joel filed his R&R [Doc. 22], recommending that this Court deny the petitioner's motion. In the R&R, the magistrate judge first determined that Grounds Two through Five and Ground Seven were procedurally barred because those claims were raised and rejected on direct appeal. In rejecting Ground Six, the magistrate judge found, *inter alia*, that the Fourth Circuit has yet to adopt the reasoning of other jurisdictions that a plea withdrawal is a "critical stage" in criminal proceedings. Finally, the magistrate judge rejected Ground One, finding, *inter alia*, that the petitioner had failed to show prejudice.

On August 11, 2010, the petitioner filed Objections [Doc. 24] to the R&R.

III. Discussion

In his Objections, the petitioner takes issue with the analysis of the magistrate judge. The Court will address these objections as they relate to each of the petitioner's seven Grounds discussed above.

    **A.    Procedurally Barred Grounds**

In the R&R, the magistrate judge found the following Grounds procedurally barred

because they were raised and rejected on appeal:

> (2) Attorney Zimarowski was ineffective for inducing the petitioner's guilty plea by erroneously advising the petitioner that he was a career criminal facing a statutory minimum sentence of life imprisonment if he were convicted of any count at trial;
>
> (3) petitioner's guilty plea was not knowing, intelligent, and voluntary because he only entered the plea based upon erroneous advice by counsel about his possible status as a career criminal;
>
> (4) Attorney Zimarowski was ineffective for refusing to file a motion to withdraw the petitioner guilty plea once he realized that the petitioner was not a career criminal; and
>
> (5) at the petitioner's sentencing, which converted to a hearing on his *pro se* motion to withdraw his guilty plea, Attorney Zimarowski and Attorney Ballard were ineffective based upon a conflict of interest: one assumed a non-advocacy role and the other an adversarial role toward the petitioner, effectively leaving him without counsel at a critical stage in his criminal proceedings in violation of his Sixth Amendment right to counsel.
>
> (7) appellate counsel was ineffective for failing to challenge the validity of the petitioner's guilty plea.

In his Objections, the petitioner argues that his appeal raised only two issues: (1) whether the district court abused its discretion in denying his *pro se* motion to withdraw his plea and (2) whether the district court impermissibly participated in plea negotiations. As such, the petitioner objects to a finding that the above-outlined Grounds are procedurally barred.

Upon careful consideration of the above, the Court finds that Grounds Two through Five are procedurally barred insofar as those claims were raised on direct appeal. **Boeckenhaupt v. United States**, 537 F.2d 1182 (4th Cir. 1976). In arguing that the district court abused its discretion in denying the petitioner's motion to withdraw his plea, the petitioner's appellate counsel cited, in the appellant's brief, the instances of alleged

7

ineffective assistance of counsel reflected in the Grounds Two through Five.[2] In finding no abuse of discretion, the Fourth Circuit stated that, "[w]ith regard to the motion to withdraw the guilty plea, we have reviewed the briefs and record and find no reversible error." *United States v. Lewis*, 243 Fed.Appx. 757, 758 (4th Cir. 2007). From this language, the Court considers Grounds Two through Five raised and rejected on direct appeal. As such, those Grounds are procedurally barred. Moreover, insofar as the petitioner's appellate counsel challenged the district court's denial of his *pro se* motion to withdraw his plea, the petitioner's Ground Seven claim of ineffective assistance based upon his appellate counsel's failure to challenge the petitioner's plea has no merit. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

B.  **Ground Six: Sixth Amendment Right to Counsel**

In Ground Six, the petitioner argues that his Sixth Amendment right to counsel was violated when his counsel refused to represent him in his motion to withdraw his guilty plea. In the R&R, the magistrate judge found, *inter alia*, that this claim cannot be successful insofar as the Fourth Circuit has yet to adopt the reasoning of other jurisdictions that a plea withdrawal is a "critical stage" in criminal proceedings.

---

[2]Although claims of ineffective assistance of counsel are generally not cognizable on direct appeal, *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997), here, as the magistrate judge noted, "the entire sum and substance of petitioner's 22-page appellate brief alleged numerous instances of ineffective assistance of counsel in the circumstances surrounding the ineffective assistance provided by: allegedly erroneous advice provided to petitioner regarding his potential exposure to a life sentence as a § 4B1.1 career criminal, the aborted Rule 11 hearings, the ultimate entry of petitioner's guilty plea, and finally culminating in the ineffective assistance regarding the motion for withdrawal of the plea and counsels' alleged abandonment of petitioner by counsel at the plea withdrawal hearing." ([Doc. 22] at 18, n. 17).

"Harmless-error analysis applies to the denial of the Sixth Amendment right to counsel at all stages of the criminal process, except for those where denial 'affects and contaminates' the entire subsequent proceeding: only in the cases where the deprivation of the right to counsel affected- and contaminated- the entire criminal proceeding is reversal automatic." **United States v. Owen**, 407 F.3d 222, 226 (4th Cir. 2005).

Upon careful consideration of the above, the Court finds that the refusal of petitioner's counsel to represent him on a motion to withdraw his guilty plea was, at most, harmless error. Though the Court finds no Fourth Circuit opinion characterizing a hearing on a motion to withdraw a plea as a "critical stage," the Court more heavily relies upon the petitioner's failure to show that his entire criminal proceeding was so "affected or contaminated" to a degree so as to require anything but harmless error review. Even assuming error, the Court finds that error to be harmless. In so finding, the Court emphasizes that the Fourth Circuit's decision to uphold the district court's rejection of the plaintiff's withdrawal clearly illustrates that the petitioner has failed to show any actual prejudice. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

C.     **Ground One: Ineffective Assistance of Counsel (Attorney Kornbrath)**

In Ground One, the petitioner alleges that Attorney Kornbrath was ineffective when he dismissed the Government's offer to remove the drug quantity stipulation from the plea agreement because counsel believed the petitioner's extensive criminal history made the stipulation irrelevant. Specifically, Attorney Kornbrath advised that the petitioner was likely to be characterized as a career offender under § 4B1.1, which carries a base offense level of 34 for offenses with a statutory maximum of 25 years of more. In the R&R, the

9

magistrate judge found that the petitioner failed to show prejudice because, *inter alia*, the district court determined that the petitioner's base offense level was 34, indicating that neither the presence nor the absence of a stipulation effected the guideline range.

In evaluating claims for ineffective assistance of counsel, conduct is measured under the two-part analysis outlined in **Strickland v. Washington**, 466 U.S. 668, 687 (1964). First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires that the defendant show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. **Hill v. Lockhart**, 474 U.S. 52 (1985).

Upon careful consideration of the above, the Court finds that the petitioner has failed to show that he was prejudiced by the error of Attorney Kornbrath. In so finding, the Court emphasizes that the petitioner's sentence guideline range was calculated with a base offense level of 34, which he would have had were he a career offender. Thus, but for Attorney Kornbrath's error, the result of the proceeding would *not* have been different. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

IV.   Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 22]** should be, and is, hereby **ORDERED**

**ADOPTED** for the reasons more fully stated in that report. Further, the plaintiff's Objections **[Doc. 24]** are **OVERRULED**. Accordingly, the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody **[Doc. 1]** is hereby **DENIED** for the same reasons as stated above. As such, this case is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: October 1, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE